**E-Filed 10/26/2010**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FRANCISCO VALDEZ, et al.,

                    Plaintiffs,

          v.

CITY OF SAN JOSE, et al.,

                    Defendants.

Case No. 5:09-cv-00176-RMW (PVT)

ORDER[1] OVERRULING DEFENDANTS' OBJECTION TO DISCOVERY ORDER

[Re: Docket No. 55]

## I. BACKGROUND

Plaintiffs seek damages and injunctive relief on behalf of individuals and a purported class that allegedly has been subjected to the improper application of Cal. Pen. Code §647(f), which prohibits public intoxication, by the San Jose Police Department ("SJPD").   Plaintiffs have asserted claims pursuant to *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978), alleging in part that the City of San Jose has a practice of enforcing §647(f) in an unconstitutional and discriminatory manner that has led to the wrongful arrest of a disproportionate number of members of racial minorities.   On June 10, 2009 this Court issued an order relating the *Monell* and class-action claims in the instant case to *Cicala v. City of San Jose*,

---

[1] This disposition is not designated for publication in the official reports.

1  C 08-04032 JF (PVT), which challenges the same alleged policies, customs, and practices of the

2  SJPD.  Dkt. 21.  In connection with the *Monell* claims, Plaintiffs sought to compel production of

3  "[a]ll incident reports or statements of probable cause for violations of Penal Code §647(f)

4  prepared by members of the San Jose Police Department since January 2000."  (Plaintiffs'

5  Request for Production No. 3).

6  On August 11, 2010, Magistrate Judge Patricia V. Trumbull granted Plaintiffs' motion to

7  compel in part, ordering production of all "unredacted documents responsive to Request for

8  Production No. 3 for the time period from January 14, 2007 through January 14, 2009."  Dkt. 53.

9  Defendants then filed the instant objection, arguing that the documents sought are not relevant to

10  any issue currently in controversy and that production will be overly burdensome.  Having

11  reviewed Judge Trumbull's order and the briefs filed by the parties, the Court will overrule the

12  objection, but it will modify the manner in which the documents will be produced.

13  **II. LEGAL STANDARD**

14  Where, as here, the magistrate judge's ruling addresses a non-dispositive matter, the

15  district judge will modify or set aside "any portion of the magistrate judge's order found to be

16  clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

17  "The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is

18  'significantly deferential, requiring 'a definite and firm conviction that a mistake has been

19  committed.''" *Crispin v. Christian Audigier, Inc.*, 2010 WL 2293238, at *3 (C.D. Cal. May 26,

20  2010), quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust,* 508 U.S. 602, 623,

21  113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).  Whereas, "[t]he 'contrary to law' standard ... permits

22  independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity*

23  *& Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000), citing *Haines v. Liggett Group,*

24  *Inc.,* 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as

25  to matters of law"); *see Med. Imaging Centers of America, Inc. v. Lichtenstein,* 917 F.Supp. 717,

26  719 (S.D. Cal. 1996) ("Section 636(b)(1) ... has been interpreted to provide for *de novo* review

27  by the district court on issues of law").

28

2

1

### III. DISCUSSION

2   In granting Plaintiffs' motion to compel, Judge Trumbull found that the documents were

3   relevant to Plaintiffs' *Monell* claims because "the other individuals who were subjects of Section

4   647(f) arrests are percipient witnesses to Defendants' practices with regard to Section 647(f)

5   arrests." Dkt. 53 at 2. Judge Trumbull also found the information relevant for the purpose of

6   class certification. *Id.*

7   Defendants contend that Judge Trumbull's ruling opens the door for overly-broad

8   discovery when allegations of police misconduct are involved. However, as the Ninth Circuit

9   recognized in *Santos ex rel. Santos v. City of Culver City*, 228 Fed. Appx. 655, 657 (9th Cir.

10  2007), trial courts have broad discretion in granting or denying discovery. It was within Judge

11  Trumbull's discretion to conclude that documents responsive to Plaintiff's request should be

12  produced for the specified two-year period. To establish *Monell* liability, a plaintiff must show a

13  widespread policy of indifference to constitutional rights. Judge Trumbull did not abuse her

14  discretion in concluding that the contested documents will allow Plaintiffs to determine whether

15  such a policy in fact exists.

16  Defendants maintain that even if the documents are relevant for the purpose of

17  establishing *Monell* liability, they are not relevant for class certification and thus should not be

18  produced at the present time. They argue that commonality may be evaluated through the

19  production of policy documents and depositions of persons who are knowledgeable about the

20  policies, training, and practices of the SJPD concerning the enforcement of §647(f). Defendants

21  also contend that determinations as to damages may be made without reference to the specific

22  facts of each §647(f) police report. However, it appears that the documents in question would

23  assist Plaintiffs in identifying questions of law or fact that are common to the class. The

24  documents not only are likely to provide information about the race and gender of the arrestees

25  but also may offer insight into the general contours of §647(f) enforcement activities.

26  Defendants also claim that the production of §647(f) police reports would provide an

27  inaccurate account of the SJPD's enforcement activities because Plaintiffs have not sought the

28  corresponding affidavits of probable cause that accompany §647(f) arrests. However, because

3

1  Plaintiffs already have requested "all incident reports *or statements of probable cause* for

2  violations of Penal Code §647(f),"[2] additional affidavits of probable cause likely would be

3  redundant.  To the extent that they are not, nothing prevents Defendants from providing them at

4  the appropriate point in the litigation.

5          Finally, Defendants claim that Judge Trumbull's order would place an extreme burden on

6  the SJPD.  Apparently, there are nearly 9,000 §647(f) police reports for the period between

7  January 14, 2007 and January 14, 2009.  Defendants' Objection to Order Granting Motion to

8  Compel, Dkt. 55 at 3.  Defendants estimate that it will take roughly nineteen weeks to produce

9  these documents.  *Id.* at 7.  Perhaps recognizing the practical difficulties of compliance with their

10 request, Plaintiffs previously proposed that Defendants provide a sampling of twenty percent of

11 the reports.  *Id.* at 8.  While Judge Trumbull did not clearly err in ordering the production of all

12 documents from this period, the Court will adopt this proposal in order to mitigate the burden on

13 Defendants.  Additional production may be granted for good cause shown.

14                                            **ORDER**

15         Because Judge Trumbull's order is neither erroneous nor contrary to law, the objection is

16 OVERRULED.  However, in lieu of full production of the documents at issue, and without

17 prejudice, Defendants may produce a sampling of twenty percent.

18

19

20 DATED: October 26, 2010                    _____

21                                            JEREMY FOGEL
                                             United States District Judge
22

23

24

25

26

27

28

---

[2] Plaintiffs' Request for Production No. 3 (emphasis added).