UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VALDEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No.: 4:09-cv-0176 KAW<br><br>ORDER GRANTING DEFENDANTS LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION TO SEVER CLAIMS FOR TRIAL WITHOUT PREJUDICE |

　　　　Plaintiffs Francisco Valdez, Ricardo Vasquez, Daniel Martinez, and Jamil Stubbs filed this case as a putative class action against the City of San Jose, San Jose Police Chief Robert Davis, and San Jose Police Officers Agamau, Martin, Rickert, Wallace, and Orlando.

　　　　On June 13, 2013, Defendants filed a motion to sever Plaintiffs' claims for trial. The Court held a hearing on the motion on July 25, 2013. Elisa Tolentino and Ardell Johnson appeared for Defendants. Steven Berki appeared for Plaintiffs.

　　　　During the argument on Defendants' motion to sever, the Court and the parties discussed which causes of action remained in the case after Judge Wilken's February 27, 2013 order on Defendants' motion for summary judgment. The parties agreed that, despite language in the conclusion of the order stating, "Defendants City of San Jose, Chief Davis, Officer Rickert, and Officer Martin are entitled to summary judgment on all claims against them," analysis in the body of the order made it clear that some of the state law claims against these Defendants remained to be tried.

However, as discussed in the undersigned's previous order to meet and confer, some of the claims survived summary judgment merely because Defendants failed to present adequate arguments to support granting summary judgment on the claims. *See* Order Denying Motion For Class Certification; Granting In Part And Denying In Part Motion For Summary Judgment, Dkt # 162 at 17, 31. At the hearing on the motion to sever, defense counsel explained that they had failed to fully brief their arguments for summary judgment on a number of claims merely because they reached the page limitation set by Judge Wilken, and did not think that a request to exceed the page limit was likely to be granted.

In addition, Plaintiffs argued at the hearing that even though they had been unable to successfully oppose Defendants' motion for summary judgment on certain federal claims, they could prevail on similar state law claims at trial, because they had obtained or would obtain additional evidence of the City of San Jose's policies or practices concerning officer training.

Because there are a number of state law claims in the case that may be resolved through summary judgment, the Court grants Defendants leave to, within 30 days of the date of this order, file a second motion for summary judgment.

Because the outcome of the summary judgment motion may affect the severance analysis, Defendants' motion to sever is denied without prejudice. Defendants may move to sever Plaintiffs' claims or re-file their previous motion after the Court rules on their second motion for summary judgment.

It is so ORDERED.

Dated: July 29, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE