United States District Court
Northern District of California

FRANCISCO VALDEZ, et al.,

    Plaintiffs,

    v.

CITY OF SAN JOSE, et al.,

    Defendants.

Case No.: CV 09-0176 KAW

ORDER TO SHOW CAUSE WHY PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT SHOULD NOT BE STRICKEN

In their Opposition to Defendants' Second Motion for Summary Judgment and/or Partial Summary Judgment ("Opposition"), Plaintiffs incorporate by reference declarations and evidence submitted in connection with their Opposition to Defendants' First Motion for Summary Judgment and/or Partial Summary Judgment. (Dkt. No. 209 at 2 & n.1). However, in the Opposition, there seems to be no citation to any of the 3,000 pages incorporated by reference or any explanation as to why the court should consider these additional materials.

In addition, Plaintiffs' Opposition contains citations to other docket entries. *See id.* at 21. It is not immediately apparent that these docket entries are incorporated by reference as requested by Plaintiffs', are the subjects of some request for judicial notice, or are otherwise included as an exhibit to their Opposition.

Plaintiffs' Opposition also contains arguments on the severance issue Defendants raise in their moving papers, which arguments, though asserted in their Opposition, Plaintiffs nonetheless reserve for a later time. *See id.* at 20, 21, 22, 23, 24. The severance issue is not properly before the court and will not be considered at this time.

It is unduly burdensome on the court to comb through such voluminous materials, whether in paper or electronic format, simply because a party wishes to include as much documentation as possible in support of its opposition. *See Carmen v. San Francisco United Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found."); *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (It is not the court's task "to scour the record in search of a genuine issue of triable fact. The courts rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").

Accordingly, the court hereby orders Plaintiffs to show cause why the above-mentioned aspects of their Opposition should not be stricken. Plaintiffs shall file a written response to this order no later than Tuesday, October 8, 2013 at 5:00 p.m.

IT IS SO ORDERED.

Dated: October 3, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge