UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VALDEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JOSE, et al.,<br><br>    Defendants. | Case No.: 4:09-cv-0176 KAW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION |

On December 5, 2013, Plaintiffs filed a request for clarification.[1] (Mot. for Clarification, Dkt. No. 230.) In the request, Plaintiffs seek clarification regarding the reasons for the court's ruling on three issues but do not seek leave to file a motion for reconsideration. (*Id.* at 1.) Defendants have not filed a response or otherwise opposed Plaintiffs' request.

A proper request for clarification does not seek to "alter or amend the judgment" or require a "substantive change of mind by the court." *See Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (internal quotations and citation omitted). Instead, such a request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Id.*

The court finds that the amended order which is the subject of Plaintiffs' request does not require clarification. Nonetheless, the court addresses each one of Plaintiffs' issues in turn, referring Plaintiffs to the relevant portions of the court's amended order, and where applicable, setting forth the reasons why Plaintiffs' request for clarification is improper.

First, Plaintiffs ask whether the court considered the case *Aguilar v. City of Southgate*, No. 2:21-CV-10669-ODW (PLA), 2013 U.S. Dist. LEXIS 10611 (C.D. Cal. Jan. 25, 2013), and

---

[1] Plaintiffs' filing is captioned as a "Request for Clarification of the Court[']s 2nd Order on Defendants['] 2nd Motion for Summary Judgment." Dkt. No. 230. As is clear from the content of the request, however, Plaintiffs' seek clarification of the court's amended order on Defendants' second motion for summary judgment, which was filed on November 18, 2013. *See id.* at 1.

whether the court rejects the logic and state law cited in that decision. (Request for Clarification at 1, 2.) Plaintiffs specifically request that the court identify what aspect of the decision the court found unsound. (*Id.* at 2.) With respect to this issue, the court refers Plaintiffs to pages 21, 22, and 23 of the court's amended order regarding the second motion for summary judgment. Those pages contain the court's reasoning for dismissing Plaintiffs' negligence claim against the municipal defendants, a position which Plaintiffs premised on *Aguilar*, 2013 U.S. Dist. LEXIS 10611.

Second, Plaintiffs ask that the court clarify whether the court held that the Constitution of the United States and its Amendments are not enactments that create a mandatory duty under California Government Code section 815.6. (Request for Clarification at 4.) They further request that the court set forth the reasons for holding "that the Constitution, Government Code 815.6 and Cal. Civil Code 52.1 when taken together do not create statutory authorizations for direct liability." *(Id.)* On this point, the court again refers Plaintiffs to pages 21, 22, and 23 of the court's amended order regarding the second motion for summary judgment. In particular, the court refers Plaintiffs to its determination that California Civil Code sections 52.1 and 52.3, the provisions on which Plaintiffs' relied, "do not give rise to the mandatory duty necessary to sustain Plaintiffs' negligence claim" against the City of San Jose and Police Chief Davis. (Nov. 18, 2013 Amended Order Denying in Part and Granting in Part Defs.' 2nd Mot. Summ. J. at 22-23, Dkt. No. 228.)

Third, Plaintiffs ask why the court dismissed their claims under California Civil Code section 52.1, given that "the alleged unconstitutional conduct was intentional, and not unintentional as in *Shoyoye* [*v. County of Los* Angeles, 203 Cal. App. 4th 947 (2012)]" and "recent Federal case law, which following *Holland v. City of San Francisco*, 2013 U.S. Dist. LEXIS 34294 (N.D. Cal. Mar. 12, 2013), held that Civ. Code § 52.1 does not necessarily require threats, intimidation, or coercion independent of the violation of the constitutional right." (Request for Clarification at 4, 5.) Plaintiffs also cite *Little v. City of Richmond*, No. C-13-02067 JSC, 2013 U.S. Dist. LEXIS 149804 (N.D. Cal. Oct. 17, 2013) and ask the Court for "further

instruction on the distinction between intentional and negligent actions as set forth in the *Little* case and those other cases cited by *Little*." (*Id.* at 5.)

As to Plaintiffs' question concerning the reasons why the Court dismissed their claims under California Civil Code section 52.1 when the alleged unconstitutional conduct at issue in this case was intentional, not unintentional, as in *Shoyoye,* 203 Cal. App. 4th 947, the court refers Plaintiffs to page 18, 19, and 20 of the court's amended order regarding the second summary judgment motion. (Nov. 18, 2013 Amended Order Denying in Part and Granting in Part Defs.' 2nd Mot. Summ. J. at 20, Dkt. No. 228.)

To the extent that Plaintiffs' rely on *Holland,* 2013 U.S. Dist. LEXIS 34294, and *Little*, 2013 U.S. Dist. LEXIS 149804, in their request for clarification, the request is improper. First, Plaintiffs did not cite to either decision in their opposition papers or at the hearing on the motion. Plaintiffs did cite to an earlier disposition in *Holland*, which resolved the defendants' motion to dismiss in that case, but that disposition is not the one Plaintiffs' rely on in their request for clarification. As for the decision in *Little*, 2013 U.S. Dist. LEXIS 149804, that disposition was filed on October 17, 2013, the same day as the hearing on the second motion for summary judgment and after Plaintiffs filed their opposition to the motion on September 25, 2013. Second, even if Plaintiffs had cited those decisions in their papers, the court notes that the dispositions are unpublished and as such, are, not controlling. Thus, Plaintiffs' suggestion that the court should have considered unpublished cases not cited in Plaintiffs' brief is improper and does not warrant clarification.

On an unrelated matter, the court notes that Plaintiffs' filing is not in compliance with Civil Local Rule 3-4(c)(2), which requires that typewritten text (including footnotes and quotations) be no smaller than 12-point type in Courier font or the equivalent. The motion for clarification consists mostly of 10-point type, including lengthy block quotations in 8-point type. In addition, the typeface is narrow-style and does not resemble Courier font or any acceptable equivalent. Plaintiffs shall ensure that all future filings conform to the requirements set out in Civil Local Rule 3-4(c)(2).

For the reasons set forth above, Plaintiffs' request for clarification is denied.

IT IS SO ORDERED.

Dated: December 19, 2013

KANDIS A. WESTMORE
United States Magistrate Judge