UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VALDEZ, et al., | Case No.: 4:09-cv-0176 KAW |
| Plaintiffs, | |
| v. | ORDER FOLLOWING PRETRIAL CONFERENCE |
| CITY OF SAN JOSE, et al., | |
| Defendants. | |

The Court held a pretrial conference in this case on June 3, 2014.  This order memorializes the Court's rulings, issued from the bench, on the parties' motions *in limine*, objections to exhibits, proposed supplemental voir dire questions, proposed jury instructions, and proposed forms of verdict.

## I.      DISCUSSION

### A.      Motions *in limine*

Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  The Court has discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

///

///

United States District Court
Northern District of California

United States District Court
Northern District of California

| MIL | Motion | Ruling | Reason/Explanation |
|---|---|---|---|
| P₁ | **To exclude documents not produced during discovery** | **GRANTED** | Unopposed except as to admissibility of Plaintiff's misdemeanor criminal conviction from over 10 years ago, which will be excluded because Defendants have not shown that the probative value of the conviction substantially outweighs the risk of prejudice. |
| P₂ | **To exclude non-expert opinion testimony** | **GRANTED IN PART** | The Court will allow lay opinion testimony but will not permit lay opinion testimony that is tantamount to expert testimony.[1] |
| P₃ | **To preclude witnesses from attending trial before testifying** | **GRANTED** | Unopposed. |
| P₄ | **To exclude police reports and event detail reports as hearsay** | **GRANTED IN PART AND DENIED IN PART** | Police reports and events detail reports may not be admitted into evidence. Police reports may be used to refresh recollection and as permitted by Federal Rule of Civil Procedure 803(5), subject to a sufficient showing that the requisite elements for past recollection recorded have been met. Event detail reports created by SJPD Dispatch may be used to refresh recollection. |
| P₅ | **To exclude speculation evidence presented by experts or lay witnesses** | **GRANTED IN PART AND DENIED IN PART** | Officers may testify as to why they believed there was probable cause to arrest Plaintiff. Speculation will not be permitted, and the Court will entertain specific objections on a case-by-case basis. |
| P₆ | **To order all named parties to appear in civilian clothing to avoid undue prejudice** | **GRANTED** | The risk of any possible prejudice warrants the granting of the motion. |

---

[1] For example, an officer may testify as to why, based on his observations, training, and experience, he believed there was probable cause to arrest Plaintiff, as the officer would have personal knowledge of such things in his capacity as a police officer. An officer may not, however, testify as to why the District Attorney may or may not have decided to charge Plaintiff, as he would not have personal knowledge of those matters.

| | | | |
|---|---|---|---|
| **P₇** | **To exclude evidence, references, testimony, and argument relating to prior criminal arrests, charges, and convictions** | **GRANTED** | Defendants have not shown that the risk of prejudice does not substantially outweigh the probative value of the evidence. |
| **P₈** | **To exclude testimony of officers that did not personally observe Plaintiff** | **DEEMED WITHDRAWN** | The parties are in agreement that witnesses will testify on matters within their personal knowledge. |

| | | | |
|---|---|---|---|
| **D₁** | **To exclude expert testimony for failure to comply with Rule 26(a)(2)(B)** | **GRANTED** | Expert has not produced required expert report. Originally intended expert will not be allowed to testify as a fact witness because he lacks first-hand knowledge. |
| **D₂** | **To exclude evidence of complaints against defendant officers by persons other than Plaintiff** | **GRANTED** | Even if proponent could meet the test for other act evidence, the risk of unfair prejudice substantially outweighs the probative value of the evidence. Any such evidence, however, may be used for impeachment purposes. |
| **D₃** | **To exclude evidence of lack of criminal prosecution by the District Attorney** | **GRANTED IN PART** | Evidence is inadmissible as to issue of probable cause, but evidence of officers' statements is admissible to establish whether arrest was retaliatory. |
| **D₄** | **To exclude evidence of SJPD's policies, practices, and procedures** | **GRANTED IN PART AND DENIED IN PART** | Evidence relating to officers' training and experience on 647(f) is admissible. |
| **D₅** | **To exclude evidence of facts, events, and circumstances outside of the officer's interaction with Plaintiff resulting in Plaintiff's arrest** | **GRANTED IN PART AND DENIED IN PART** | Unopposed as to items (i), (iii), (iv), (v), (vi), (ix), (x), (xi) and (xii). Items (ii), (viii), (xiii), (xiv), and (xv) are relevant and admissible only to the extent the officers rely on their training and experience and the materials contain information regarding the officers' training and experience but are free from references to prior complaints. Item (vii) is admissible only to the extent the documentation relates to Plaintiff's arrest. |

## B.    Other objections to exhibits

The parties have stipulated that all documents they have produced are authentic and foundation is deemed established.  (Joint Pretrial Conf. Stmt. at 4.)  With this in mind, the Court addresses the parties' remaining objections to exhibits.

### 1.    Plaintiff's objections to Defendants' exhibits

The case management and pretrial order entered in this case provides:  "No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, twenty (20) days prior to the pretrial conference, without leave of the Court and for good cause shown."  (Pretrial Order, Dkt. No. 231.)  Relying on this provision, Plaintiff argues that because Defendants did not exchange exhibits with Plaintiff, the Court should strike any undisclosed exhibits Defendants may attempt to use at trial.  (Pl.'s Objection, Dkt. No. 255.)  As Defendants have not sought leave or demonstrated good cause justifying their failure to exchange exhibits, they may not use any such materials in their case in chief, and Plaintiff's objection is sustained.

### 2.    Defendants' objections to Plaintiff's proposed exhibits

#### a.    *Plaintiff's proposed exhibit 2*

Defendants object to the admissibility of Plaintiff's proposed exhibit 2, which is a copy of Defendants' Response to Plaintiff's First Request for Production of Documents and Electronically Stored Information.  (Defs.' Objections at 2, Dkt No. 243.)  On Plaintiff's request, the exhibit is stricken.

#### b.    *Plaintiff's proposed exhibit 3*

Plaintiff's proposed exhibit 3 is an excerpt from a publication by the California Commission on Peace Officer Standards and Training.  Defendants object to the admissibility of the proposed exhibit on the grounds that it is (1) not relevant, (2) hearsay, and (3) more prejudicial than probative of any issue in this case.  (Def.'s Objections at 2-3.)  Defendants' relevancy objection is sustained as to pages not referencing California Penal Code section 647(f).  All other pages to the exhibit are not relevant to any issue in this case, as they pertain to other crimes not at issue here.  Plaintiff will remove and redact all sections that do not reference section

United States District Court
Northern District of California

1     647(f).  Defendants' hearsay objection is overruled, as the exhibit is offered only to establish what

2     the defendant officer's training was, not for the truth of its content.  With respect to Defendants'

3     concern that the probative value of this evidence is substantially outweighed by the risk of

4     confusing the jury because the exhibit contains statements of law, examples of 647(f) violations,

5     and scenarios that do not warrant probable cause to find a violation of 647(f), the Court finds that

6     the exhibit is highly probative and that its probative value is not substantially outweighed by the

7     risk of confusing the jury or any prejudice to Defendants.  Defendants can elicit testimony to

8     show that the probable cause decision is made based only in part on training and that observation

9     and experience are also factors that play a part in an arresting officer's probable cause

10    determination.  For these reasons, Defendants' objections are overruled.

11              *c.      Plaintiff's proposed exhibit 4*

12              Plaintiff's proposed exhibit 4 is a document titled "LD – 8 General Criminal Statues [*sic*]

13    Outlined (Revised April 2008)."  Defendants argue that the exhibit is inadmissible for the same

14    reasons Plaintiff's proposed exhibit 4 is inadmissible.  (Def.'s Objections at 3.)  The Court

15    overrules Defendants' objections for the same reasons stated above.[2]  The proposed exhibit,

16    however, is only admissible to the extent it refers to the defendant officer's training on Penal Code

17    section 647(f).  Plaintiff shall remove pages and sections not referencing section 647(f).

18              *d.      Plaintiff's proposed exhibit 5*

19              Defendants object to Plaintiff's proposed exhibit 5 on the ground that it is a statement of

20    law, not an evidentiary fact.  (Defs.' Objections at 4.)  The first page of the document is captioned

21    "Definition of Penal Code Section 647(f), and the second page is captioned "Public Intoxication

22    Penal Code 647(f)."  As stated above, the exhibit is relevant to the extent it concerns the

23    defendant officer's training on 647(f).  The Court can appropriately admonish the jury that they

24

25

26    _____

27    [2] Defendants description of exhibit 4 as "a document of unknown origin" is not well-taken.  *See*
      Defs.' Objections at 3.  The parties have stipulated that all documents they have produced are
28    authentic and foundation is deemed established.  Joint Pretrial Conf. Stmt. at 4.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    are to consider the exhibit for that purpose only and that they are to rely on the Court's jury

2    instructions for the law that governs this case.[3]  Therefore, Defendants' objection is overruled.

3                    *e.       Plaintiff's proposed exhibit 6*

4            Plaintiff's proposed exhibit 6 contains various revisions to the San Jose Police

5    Department's Duty Manual.  Defendants argue that it is irrelevant, and again, the Court disagrees.

6    The material is, in part, relevant, but ***only to the extent it that it*** relates to the defendant officer's

7    training on 647(f).  Accordingly, Defendants' objection is overruled.  Plaintiff shall appropriately

8    redact the exhibit to include only those portions relevant to 647(f).

9                    *f.       Plaintiff's proposed exhibit 7*

10           Plaintiff's proposed exhibit 7 contains additional excerpts, similar to those contained in

11   exhibit 6.  Defendants argue that the procedures for handling public intoxication cases laid out in

12   this exhibit do not apply, that the sections on report writing procedures do not apply because the

13   accuracy of an officer's reports or its consistency with the applicable procedures is not relevant to

14   whether the defendant officer had probable cause to arrest Plaintiff.  (Def.'s Objections at 4, 5.)

15   The Court disagrees for the reasons previously stated.  Defendants' objections are overruled.

16   Plaintiff shall appropriately redact the exhibit to include only those portions relevant to 647(f).

17                   *g.       Plaintiff's proposed exhibit 8*

18           Plaintiff's proposed exhibit 8 is an audio recording of an internal affairs interview with the

19   defendant officer.  Defendants argue that admitting the audio recording would be unduly

20   prejudicial because it contains statements pertaining to the internal affairs investigation, implying

21   that the San Jose Police Department considered the defendant officer's conduct wrongful.  (Defs.'

22   Objections at 5.)  They assert that there is no explanation why the investigation was conducted,

23   and that if the audio recording is played in court or provided to the jury, it will raise prejudicial

24   questions about why the San Jose Police Department questioned its own officer.  (*Id.*)  Defendants

25   also contend that they will have to call witnesses, other than those already specified in their

26   witness list, to explain why the investigation was conducted and to explain the outcome of the

27   _____

28   [3] This same admonishment can be giving regarding all training materials on 647(f).

United States District Court
Northern District of California

1    investigation. *(Id.)* The Court disagrees. The audio recording may be admitted in part, without

2    the initial portion of the interview that identifies the recorded conversation as an internal affairs

3    interview and admonishes the defendant officer. All remaining portions of the audio recording,

4    including all questions asked and answers given during the remainder of the interview, are

5    admissible.[4] If Plaintiff moves to admit any portion of the recording, the remaining portions will

6    also be admitted. *See* Fed. R. Civ. P. 106.

7                       h.    *Plaintiff's proposed exhibit 9*

8            Defendants' object to Plaintiff's proposed exhibit 9, which consists of arrest-related

9    paperwork completed for Gilbert Salazar, who is not a party to this case. As Plaintiff indicates

10   that he only intends to use the proposed exhibit for impeachment purposes, Defendants' objection

11   is moot.

12   **C.    Compliance with the Court's Case Management and Pretrial Order**

13           The Court notes that the parties have failed to comply with numerous sections of the Case

14   Management and Pretrial Order ("Pretrial Order") entered in this case.[5] (Pretrial Order, Dkt. No.

15   231.)

16           First, the parties' joint pretrial statement does not contain "[a] detailed statement of all the

17   relief claims, particularly itemizing all elements of damages claimed as well as witnesses,

18   documents or other evidentiary material to be presented concerning the amount of those

19   damages." (*Id.* at 2.) Instead, the relevant section in the parties' joint pretrial statement reads:

20   "Plaintiff seeks special and general damages, punitive damages and/or nominal damages with

21   amounts to be proven at trial." (Joint Pretrial Conf. Stmt. at 2, Dkt. No. 241.)

22

23   ─────────────────

24   [4] Plaintiff is advised, however, that the United States Marshal requires a court order to allow
     audio/visual equipment into the courthouse. Accordingly, Plaintiff should request such an order
     detailing the equipment he intends to bring before trial.

25

26   [5] The Pretrial Order was entered on December 5, 2013 and subsequently amended on May 27,
     2014, Dkt. No. 260, and May 28, 2014, Dkt. No. 263, to address trial scheduling issues. The
27   substance of the order remained unchanged. To avoid confusion, however, the Court will refer to
     the Pretrial entered on December 5, 2013, which was in effect at the time the parties prepared and
28   filed their pretrial submissions.

Second, the parties identify only two disputed legal issues:  the legal effect of having failed to properly name Officer Panighetti, who arrested one of the plaintiffs in this case, Vasquez, as a defendant, and whether the plaintiffs may maintain negligence causes of action against the individual officers.  (*Id.* at 4-5.)  The Pretrial Order requires the parties to include "a concise statement of *each disputed point of law concerning liability or relief*, citing supporting statutes and decisions."  (Pretrial Order, Dkt. No. 231.)  In their joint pretrial conference statement, the parties do not cite any authority in support of their respective positions on these two issues.  (*See* Joint Pretrial Conf. Stmt. at 4-5.)

Third, the parties' witness list does not contain "a brief statement describing the substance of the testimony to be given," as required by the Court's Pretrial Order, *see* Dkt. No. 231 at 3. Instead, the parties only provide the names of the witnesses.  (*See* Joint Pretrial Conf. Stmt. at 5.)

Fourth, the parties failed to submit jointly prepared jury instructions and proposed forms of verdict.  Instead, each party filed a separate set of proposed jury instructions and separate proposed forms of verdict.[6]  (Pl.'s Proposed Jury Instructions, Dkt. No. 239; Pl.'s Proposed Form of Verdict, Dkt. No. 240; Defs.' Proposed Form of Verdict, Dkt. No. 247; Defs.' Proposed Jury Instructions, Dkt. No. 250; Pl.'s Am. Proposed Jury Instructions, Dkt. No. 254; Def.'s Supplemental Jury Instructions, Dkt. No. 257.)  The relevant portion of the Court's Pretrial Order reads:

> The parties shall submit proposed jury instructions **jointly.**  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately.  The parties shall submit **jointly prepared** proposed form of verdict, or, if the parties cannot agree, their respective proposals.

(Pretrial Order at 4.)

Based on the parties' submissions and their positions at the pretrial conference, it is apparent to the Court that the parties declined to meet and confer as set forth above and instead opted to submit separate proposals.  The Court, therefore, orders the parties to meet and confer

---

[6] Plaintiff also filed an objection to Defendants' supplemental jury instructions.  (Pl.'s Objection, Dkt. No. 266.)  Because the objection was filed on May 30, 2014, after the May 23, 2014 deadline for objections, *see* Pretrial Order at 5, it is hereby stricken as untimely.

regarding proposed jury instructions and proposed forms of verdict.  After meeting and conferring, the parties will submit jointly prepared jury instructions and proposed forms of verdict.  To the extent the parties agree on jury instructions but disagree as to specific language, they shall refer to the Ninth Circuit Manual of Model Civil Jury Instructions for guidance.  If, after sufficiently meeting and conferring, the parties are unable to agree on proposed jury instructions and proposed forms of verdict, they may file separate proposals.  Any separate proposal must contain an explanation of the specific disagreements that prevented the filing of a joint proposal and a memorandum of law supporting the proposing party's position.  **Any and all proposed jury instructions and proposed forms of verdict shall be filed by no later than June 10, 2014.**  The Court will then select the appropriate jury instructions and forms of verdict at trial.

Fifth, the Court's Pretrial Order requires the parties to "[s]erve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard . . . ."  (Pretrial Order at 4.)  The parties' trial briefs do not comply with this provision.  In their trial brief, Defendants identify the following claims as remaining for trial:  (1) retaliation in violation of the First Amendment, (2) arrest without probable cause in violation of the Fourth Amendment, (3) excessive force in violation of the Fourth Amendment, (4) conspiracy under 42 U.S.C. § 1985, (5) false arrest/false imprisonment, and (6) negligence.  (Def.'s Trial Br. at 5, Dkt. No. 249.)  With respect to the remaining excessive force claim, "Defendants assume that Plaintiffs will voluntarily dismiss th[e] claim[] in view of the Court's analysis."  *(Id.)*  As for Plaintiff's conspiracy, claim, Defendants state it is "[u]nknown if Plaintiffs intend to pursue." [7]  *(Id.)*

Plaintiff's trial brief does little to alleviate this apparent confusion.  (*See generally* Pl.'s Trial Br., Dkt. No. 242.)  In the filing, Plaintiff writes "Plaintiff Jamil Stubbs provides the following trial brief on the remaining causes of action set for trial, including California Penal

---

[7] The fact that Defendants are this confused about the claims remaining to be tried is yet another indicator that the parties have failed to meet and confer in anticipation of trial.

Code [section] 647(f), Violation of plaintiff's Fourth Amendment Rights under 42 U.S.C. 1983, False Arrest, Negligence and State and Federal Immunities."  (*Id.* at 2 (capitalization in original).)  Plaintiff then provides briefing on California Penal Code section 647(f), his Fourth Amendment claim for arrest without probable cause, false arrest/false imprisonment, negligence, and qualified immunity, without addressing the remaining claims, some of which Defendants identified in their own trial brief, and some of which are included in the parties' joint pretrial conference statement under the heading "Substance of the Action."  *See generally* Defs.' Trial Br., Joint Pretrial Conf. Stmt. at 2.)  Accordingly, the parties shall also meet and confer to finalize the claims Plaintiff will actually try.  After meeting and conferring, the parties shall file any necessary stipulated dismissals, re-file their joint pretrial statement, and re-file their trial briefs that so that they include, as is required by the Court's Pretrial Order, "each cause of action and defense remaining to be tried along with a statement of the applicable legal standards."  (Pretrial Order at 4.)  **The parties' stipulated dismissals, revised pretrial conference statement, redacted exhibits, and updated trial briefs shall be filed by no later than June 10, 2014.  These updated materials should focus exclusively on the instant trial, not the two remaining trials.**

Sixth, the parties filed motions *in limine* as well as separate objections to proposed exhibits.  (Pl.'s Mots., Dkt. No. 244; Defs.' Mots., Dkt. No. 248; Pl.'s Objections, Dkt. No. 255; Defs.' Objections, Dkt. No. 243.)  This does not comply with the Court's Pretrial Order,[8] which provides:  "The parties shall not file separate objections, apart from those contained in the motions *in limine*, to the opposing party's witness list, exhibit list or discovery designations."  (Pretrial Order at 5.)

Seventh, the parties did not submit an agreed upon set of additional voir dire questions.  (Pl.'s Voir Dire Questions, Dkt. No. 251; Defs.' Voir Dire Questions, Dkt. No. 246.)  Each side filed separate voir dire questions, and given the similarities in the parties' questionnaires, it is again apparent to the Court that the parties did not limit their individual submissions to only those

---

[8] On May 29, 2014, Plaintiff filed an amended opposition to Defendants' motions *in limine*, together with his objection to Defendants' exhibits, Dkt. No. 265.  The Court does not understand why the objection was included in Plaintiff's opposition rather than in an amended version of his motions *in limine*.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    questions "on which counsel c[ould] not agree."  (*See* Pretrial Order at 5.)  As the parties have

2    failed to sufficiently meet and confer on their supplemental voir dire questions, the Court again

3    orders the parties to meet and confer regarding additional voir dire questions.  To avoid any

4    confusion, additional voir dire questions are questions not already included in the Court's standard

5    questionnaire, which is attached to the Pretrial Order entered in this case.  After meeting and

6    conferring, the parties shall file an agreed upon set of **additional** voir dire questions.  If the

7    parties cannot agree upon a single set of additional voir dire questions, they may jointly file those

8    voir dire questions that they do agree on and may separately file only those voir dire questions

9    that they cannot agree on, provided that each voir dire question not jointly filed must contain an

10   explanation about why the parties were not able to agree on the question.  **Any and all**

11   **supplemental voir dire questions must be filed by no later than June 10, 2014.**

12          In light of these numerous deficiencies in the parties' filings, the Court puts the parties on

13   notice that any future trial-related filings in this case, whether filed in connection with the instant

14   trial or with the two remaining trials, that do not comply with the Court's Pretrial Order will be

15   stricken from the record.

16          Furthermore, the Court encourages the parties to continue settlement negotiations in this

17   matter on their own or by contacting Judge Grewal.

18          IT IS SO ORDERED.

19   Dated: June 6, 2014

20

21   KANDIS A. WESTMORE
22   United States Magistrate Judge

23

24

25

26

27

28