UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO VALDEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　　Defendants. | Case No.: 4:09-cv-0176 KAW<br><br>JURY INSTRUCTIONS |

Dated: June 20, 2014

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　KANDIS A. WESTMORE
　　　　　　　　　　　　　　　　United States Magistrate Judge

### INSTRUCTION NO. 1:  DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be sent with you to the jury room when you deliberate.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### INSTRUCTION NO. 2:  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

This case is about an arrest of Plaintiff Mr. Jamil Stubbs by Defendant Officer Brandon Orlando for violation of California Penal Code section 647(f), commonly known as "drunk in public." Mr. Stubbs filed a lawsuit against Officer Orlando claiming that the officer lacked probable cause to arrest him and violated his right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution. Mr. Stubbs also alleges a claim for false imprisonment/false arrest based on the alleged lack of probable cause for the arrest. Lastly, Mr. Stubbs claims that Officer Orlando retaliated against him for exercising his right to protected speech in violation of the First Amendment to the United States Constitution. Mr. Stubbs has the burden of proving these claims.

Officer Orlando asserts that there was probable cause to arrest Mr. Stubbs for being drunk in public and that he did not arrest Mr. Stubbs to retaliate against his exercise of his right to protected speech. Therefore, he contends that he did not violate Mr. Stubbs' rights under the Fourth Amendment or the First Amendment.

### INSTRUCTION NO. 3: BURDEN OF PROOF

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true**.**

You should base your decision on all the evidence, regardless of which party presented it.

### INSTRUCTION NO. 4: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of: (a) the sworn testimony of any witness, (b) the exhibits which are received into evidence, and (c) any facts to which the lawyers have agreed.

### INSTRUCTION NO. 5: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

a) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

b) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

c) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

d) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

///
///

### INSTRUCTION NO. 6:  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### INSTRUCTION NO. 7:  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

### INSTRUCTION NO. 8:  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.  In considering the testimony of any witness, you may take into account:

a) the opportunity and ability of the witness to see or hear or know the things testified to;

b) the witness's memory;

c) the witness's manner while testifying;

d) the witness's interest in the outcome of the case and any bias or prejudice;

e) whether other evidence contradicted the witness's testimony;

f) the reasonableness of the witness's testimony in light of all the evidence; and

g) any other factors that bear on believability.

4

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### INSTRUCTION NO. 9: NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact that is more credible than the testimony of a larger number of witnesses to the contrary. You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds the belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds. The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

### INSTRUCTION NO. 10: USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### INSTRUCTION NO. 11: STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

### INSTRUCTION NO. 12: IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness has been convicted of a felony or has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

### INSTRUCTION NO. 13: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures

shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### INSTRUCTION NO. 14: DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### INSTRUCTION NO. 15: CONSIDERATION OF EVIDENCE— CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### INSTRUCTION NO. 16: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### INSTRUCTION NO. 17: RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

### INSTRUCTION NO. 18: ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law, and are to be treated as equals in court.

7

**INSTRUCTION NO. 19:  SECTION 1983 CLAIM—INTRODUCTION INSTRUCTION**

Mr. Stubbs brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**INSTRUCTION NO. 20:  SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against Officer Orlando, Mr. Stubbs must prove each of the following elements by a preponderance of the evidence:

a)  Officer Orlando acted under color of law; and

b)  Officer Orlando's acts deprived Mr. Stubbs of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Officer Orlando acted under color of law.

**INSTRUCTION NO. 21:  PARTICULAR RIGHTS—FOURTH AMENDMENT— UNREASONABLE SEIZURE OF PERSON—GENERALLY**

As previously explained, Mr. Stubbs has the burden to prove that the acts of Officer Orlando deprived him of particular rights under the United States Constitution.  In this case, Mr. Stubbs alleges Officer Orlando deprived him of his rights under the Fourth Amendment to the Constitution when Officer Orlando arrested him.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove Officer Orlando deprived Mr. Stubbs of this Fourth Amendment right, he must prove the following additional elements by a preponderance of the evidence:

a)  Officer Orlando seized Mr. Stubbs' person;

b)  in seizing Mr. Stubbs' person, Officer Orlando acted intentionally; and

c)  the seizure was unreasonable.

In this case, the parties stipulate that Mr. Stubbs was seized by Officer Orlando when Officer Orlando arrested Plaintiff. They also stipulate that the seizure was intentional. Thus, the only issue for you to decide is whether the seizure was unreasonable.

### INSTRUCTION NO. 22:  PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime in the officer's presence.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime in the officer's presence. It is not enough for the officer to subjectively believe that a crime has been committed. Mere suspicion is not enough. Rather, the facts and circumstances known to the officer at the time of the arrest must allow a reasonable person to conclude with a fair probability that a crime had been or was committed in the officer's presence. This is an objective, not a subjective, test.

Probable cause must be determined at the time an arrest is made, and facts learned or evidence obtained as a result of a stop or arrest cannot be used to support probable cause unless they were known to the arresting officer at the moment the arrest was made. You cannot use hindsight.

Probable cause exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime in the officer's presence, even if the officer ultimately arrests the suspect for a different crime. In this case, Officer Orlando argues that he had probable cause to believe that Mr. Stubbs had committed at least one of the following:  a violation of California Penal Code section 647(f), a violation of California Penal Code section 148(a), or public urination. If Officer Orlando proves, by a preponderance of the evidence, that

he had probable cause to believe that Mr. Stubbs committed any of these offenses in the manner set forth below, then his arrest of Mr. Stubbs was reasonable.

<u>California Penal Code section 647(f)</u>

A person violates California Penal Code section 647(f) by (a) being willfully under the influence of alcohol, a drug, a controlled substance or toluene, (b) in a public place, and (c) in such a condition that he or she was unable to exercise care for his or her own safety or the safety of others.

<u>California Penal Code section 148(a)</u>

Under California law, Officer Orlando had probable cause to arrest Mr. Stubbs if he had probable cause to believe all of the following were true:

a) Mr. Stubbs knew, or reasonably should have known, that Officer Orlando was a police officer performing or attempting to perform his duties.
b) Officer Orlando was lawfully performing his duties.  An officer is not lawfully performing his duties if he arrests someone without probable cause.
c) Mr. Stubbs willfully and unlawfully resisted arrest or delayed or obstructed Officer Orlando in the discharge or attempted discharge his duties.

If Officer Orlando did not have probable cause to believe a), b), and c), then he did not have a lawful basis to arrest Officer Orlando for resisting arrest.

<u>Public Urination</u>

In this case, Officer Orlando asserts that Mr. Stubbs urinated in public in violation of San Jose Ordinance No. 10.12.110.  That ordinance provides that no person shall urinate or defecate in public except when using a urinal, toilet or commode located in a bathroom, restroom or other structure enclosed from public view.

**INSTRUCTION NO. 23:  SPECIAL INSTRUCTION ON FIRST AMENDMENT RIGHTS**

The First Amendment protects the right of a person to verbally criticize, protest, or seek clarification of police action, without risking arrest.

*///*
*///*
*///*

10

**INSTRUCTION NO. 24: PARTICULAR RIGHTS—FIRST AMENDMENT—"CITIZEN" PLAINTIFF**

As previously explained, Mr. Stubbs has the burden to prove that the acts of Officer Orlando deprived him of particular rights under the United States Constitution. In this case, Mr. Stubbs alleges Officer Orlando deprived him of his rights under the First Amendment to the Constitution when Officer Orlando arrested him for questioning Officer Orlando's statements and assertions that Mr. Stubbs had urinated in public.

Under the First Amendment, a citizen has the right to free expression. In order to prove Officer Orlando deprived Mr. Stubbs of this First Amendment right, he must prove the following additional elements by a preponderance of the evidence:

  a) Mr. Stubbs engaged in speech protected under the First Amendment;
  b) Officer Orlando took action against Mr. Stubbs; and
  c) Mr. Stubbs' protected speech was a substantial or motivating factor for Officer Orlando's action.

A substantial or motivating factor is a significant factor.

**INSTRUCTION NO. 25: FALSE ARREST WITHOUT WARRANT BY PEACE OFFICER—ESSENTIAL FACTUAL ELEMENTS**

Mr. Stubbs claims that he was wrongfully arrested by Officer Orlando. To establish this claim, Mr. Stubbs must prove all of the following:

  a) that Officer Orlando arrested Mr. Stubbs without a warrant;
  b) that Mr. Stubbs was harmed; and
  c) that Officer Orlando's conduct was a substantial factor in causing Mr. Stubbs' harm.

**INSTRUCTION NO. 26: FALSE ARREST WITHOUT WARRANT—AFFIRMATIVE DEFENSE—PEACE OFFICER—PROBABLE CAUSE TO ARREST**

Officer Orlando claims the arrest was not wrongful because he had the authority to arrest Mr. Stubbs without a warrant.

If Officer Orlando proves, by a preponderance of the evidence, that there was probable cause to believe that Mr. Stubbs had committed a crime in Officer Orlando's presence, then Officer Orlando had the authority to arrest Mr. Stubbs without a warrant. If, however, you find that the only offense Officer Orlando had probable cause to believe was being committed was

public urination, then Officer Orlando must also prove, by a preponderance of the evidence, that there was probable cause to believe that grounds for nonrelease existed. At the time of Mr. Stubbs' arrest, Officer Orlando could only take Mr. Stubbs into custody for the offense of public urination if Mr. Stubbs also did the following: refused to sign a written promise to appear, had no satisfactory identification, or refused to provide a thumbprint or fingerprint. Please note that the grounds for nonrelease only affect this state law claim for false arrest. In other words, the bases for nonrelease are not a factor with respect to Mr. Stubbs federal false arrest claim under the Fourth Amendment. The Fourth Amendment claim is to be decided as set forth in Instruction Nos. 19-22.

**INSTRUCTION NO. 27: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

**INSTRUCTION NO. 28: DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Stubbs, you must determine his damages. Mr. Stubbs has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

    a) the nature and extent of the injuries; and

    b) the mental, physical, and/or emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

///

///

///

### INSTRUCTION NO. 29: PUNITIVE DAMAGES

If you find for Mr. Stubbs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

With respect to his claims under federal law, punitive damages, and their amount, must be proved by a preponderance of the evidence. With respect to his state law false arrest claim, Mr. Stubbs has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages. Clear and convincing evidence is a higher standard of proof than proof by a preponderance of the evidence. When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.

Under either standard of proof, you may award punitive damages only if you find that Officer Orlando's conduct that harmed Mr. Stubbs was malicious, oppressive or in reckless disregard of Mr. Stubbs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

### INSTRUCTION NO. 30:  NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for Mr. Stubbs but you find that Mr. Stubbs has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.